**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH WATSON,** | ) | **CASE NO. 1:10 CV 2803** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion to Dismiss of Defendants City of Cleveland; Officer Danny Pindor; Officer Amy Carraway; and, Supervisor Gary Rizk (Docket #10). Plaintiff's Complaint arises out of his June 28, 2008 arrest after a confrontation with Defendant Officers Caraway and Pindor. (Complaint at ¶¶ 8, 11.) Plaintiff was kept in jail overnight. (Complaint at ¶ 11.) Plaintiff was charged with obstruction of official business and resisting arrest. (Complaint at ¶ 15.) On February 5, 2009, the State entered a *nolle prosequi* on the charge of resisting arrest; the obstruction charge was amended to a charge of disorderly conduct disorderly conduct pursuant to Ohio Rev. Code § 2917.11(E); and, Plaintiff pled no contest to a single count of disorderly conduct. (Complaint at ¶ 15.)

Plaintiff filed his Complaint in this case on December 10, 2010, asserting claims under 42 U.S.C. ¶ 1983 and State law relative to his June 28, 2008 arrest. Defendants seek dismissal of

Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that all of Plaintiff's claims were filed beyond the applicable statute of limitations period.  (Docket #10.)

Plaintiff filed his Brief in Opposition to Defendants' Motion to Dismiss on June 12, 2011.  (Docket #13.)  On June 27, 2011, Defendants filed their Reply Brief.  (Docket #14.)

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)").  Accordingly, the claims set forth in a

complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

As set forth above, Plaintiff's Complaint arises out of his arrest on June 28, 2008. The statute of limitations period began to run at the time of his arrest, as at that time he knew or had reason to know of the injury which is the basis of his action. *Wallace v. Kateo*, 549 U.S. 384, 388 (2007). A two year statute of limitations applies to Plaintiff's Federal claims under Section 1983 (Counts 1-4 of the Complaint) and Plaintiff's State law claims are subject to one and two year statutes of limitation. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); Ohio Rev. Code §§ 2744.04(A), 2305.11(A), 2305.111(B); *Read v. City of Fairview Park*, 146 Ohio App. 3d 15, 19-20 (8th Dist. 2001).

Plaintiff was arrested on June 28, 2008 and his Complaint was filed on December 10, 2010, beyond the applicable statutes of limitation for each of his claims.

Plaintiff acknowledges the applicable statutes of limitation, but argues that under the continuing violation doctrine, his Section 1983 claims and certain state law claims are not time-barred. The continuing violation doctrine applies to claims if: (1) the defendant's wrongful conduct continues after the precipitating event that began the pattern; (2) injury to the plaintiff continues to accrue after that event; and (3) further injury to the plaintiff was avoidable if the defendant had at any time ceased its wrongful conduct. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. Ohio 1999). "A continuing violation is occasioned by continual

unlawful acts, not continual ill effects from an original violation.  *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. Tenn 2007) (quoting *Tolbert*, 172 F.3d at 940). The continuing-violation doctrine typically arises in the context of employment-discrimination cases and is rarely extended to § 1983-type claims. *Sharpe v. Cureton,* 319 F.3d 259, 267 (6th Cir. Tenn. 2003).

Plaintiff's arrest on June 28, 2008 was the event that triggered Plaintiff's claim, "even though the effects of those police actions may have continued into the future." *Stanley v. Malone*, No. 2:07-CV-694, 2009 U.S. Dist. LEXIS 14966, 2009 WL 485491, at *7 (S.D. Ohio Feb. 26, 2009).  Therefore, the statute of limitations began to run on June 28, 2008 for each of his claims. Plaintiff states in his Complaint that two of the officers involved in his arrest appeared in Court to testify against him on two occasions, including December 17, 2008.   This is insufficient to establish a continuing violation.  See *Eidson*, 510 F.3d at 636.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants (Docket #10) is hereby GRANTED.  This case is hereby terminated.

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 19, 2011